Citation Nr: 1812663 
Decision Date: 02/28/18 Archive Date: 03/08/18

DOCKET NO. 12-12 709 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for a left knee disability, claimed as secondary to a service-connected right knee disability.


REPRESENTATION

Appellant represented by: Virginia Department of Veterans Services


ATTORNEY FOR THE BOARD

K. McDonald, Associate Counsel



INTRODUCTION

The Veteran served on active duty in the United States Navy from February 2001 to April 2001.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia which denied entitlement to the benefit currently sought on appeal.

This appeal was previously before the Board in September 2017, at which time it was remanded to ensure compliance with due process requirements. The evidentiary record has not been adequately developed in compliance with all prior Board remand instructions, therefore an additional remand is now required. Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A prior remand by the Board confers on the Veteran, "as a matter of law, the right to compliance with the remand orders." Stegall, 11 Vet. App. 268, 271. In this instance, the Board previously remanded the claim in September 2017 with specific instructions for a medical opinion to be rendered. A contract examiner offered a medical opinion that did not comply with the Board's instructions. Therefore, a new medical opinion is required to comply with the Board's original instruction.

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum medical opinion regarding the causation or etiology of the Veteran's left knee disability. An examiner other than that providing the non-compliant October 2017 report is preferred. The electronic claims file must be made available to the examiner for review. The examiner need not personally re-examine the Veteran, unless the examiner should determine that this is necessary to properly form an opinion. 

The examiner is asked to respond to the following questions:

a.) Is it at least as likely as not (50 percent probability or greater) that the current left knee disability was caused by the Veteran's service-connected right knee disability? 

To this end, the examiner should specifically comment on the Veteran's contention that his right knee instability led to the left knee fall injury in 2006. 

b.) Is it at least as likely as not (50 percent probability or greater) that the current left knee disability was aggravated by the Veteran's service-connected right knee disability? 

Aggravation is defined as a worsening in severity beyond the natural progression of the disease. The October 2017 examiner stated that a comment on aggravation was not feasible without a precise baseline for the Veteran's left knee condition. Please base your opinion on the evidence of record to the best of your ability. 

The examiner should review all pertinent records associated with the claims file, including the Veteran's VA examination reports, medical records, and lay statements. 

A clear and complete rationale for any opinions or conclusions expressed should be provided and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

If the examiner is unable to offer any requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. 

The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it.

2. Undertake any other development deemed warranted, and then readjudicate the Veteran's claim on the basis of the additional evidence. If a benefit sought on appeal is not granted, provide the Veteran and his representative with a Supplemental Statement of the Case, then return the appeal to the Board. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
K.J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).